**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARKEL CURRY,** | : | **CIVIL NO. 1:CV-13-0977** |
| **Petitioner,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **DELBERT SAUERS,** | : | |
| **Respondent** | : | |

<u>**MEMORANDUM**</u>

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 filed by Markel Curry ("Petitioner").  Petitioner is an inmate currently confined at the

Federal Correctional Institution at Allenwood-Low Security, Pennsylvania.  In the petition, he

alleges that his due process rights were violated during a disciplinary hearing after which he was

found guilty of the prohibited act of "Use of the Mail for Abuses Other than Criminal Activity,"

in violation of Code 296.  (Doc. No. 1, Pet.)  The petition is ripe for consideration and, for the

reasons that follow, will be granted.

**I.      Factual Background**

Petitioner is serving a 300-month federal sentence imposed by the United States District

Court for the Western District of New York for Continuing Criminal Enterprise, a violation of 21

U.S.C. § 848.  On October 24, 2012, he received Incident Report No. 2367068 written by LSCI-

Allenwood Correctional Officer Sheets charging him with a Code 296 violation for "Use of the

Mail for Abuses Other than Criminal Activity."  (Doc. No. 6-1 at 15.)[1]  Officer Sheets described

the incident as follows:

---

[1]  Unless otherwise noted, all citations to the record reflect he docket number and page number assigned by the Court's official electronic case filing system (CM-ECF), rather than the page number of the original documents.

> On October 23, 2012, ... while conducting mail monitoring, it was discovered that inmate Markel Curry ... placed a letter in the outgoing inmate institution mail. The envelope was addressed to Elliott Buckner....  The envelope contained one hand written four page letter which contained the following excerpt: 'Killer and Tom Tom made it home, so that's good news.   A lot of brothers ask about you, I tell them your at home chillen....  Oh yeah Lico have a few days, so by the time you receive this, he'll be home also.'  Inmate Curry is circumventing BOP mail procedures by sending the letter to inmate Elliott Buckner ... through a third party. Inmate Buckner was transferred from LSCI Allenwood, PA on September 12, 2011, and is currently housed at FCI Terre Haute.

(Doc. No. 6-1 at 15, Incident Report.)

On October 24, 2012, Petitioner was provided with a copy of the incident report by investigating officer, Lieutenant T. Matthews.  He was advised of his right to remain silent at this time.  Petitioner admitted to Matthews that the letter was intended for former LSCI-Allenwood inmate Elliott Buckner.  Petitioner stated that he sent the letter to the address Buckner provided him before he left, noting the same was a post office box so he did not know Buckner was in another correctional institution.  (Id. at 16.)  Based upon Petitioner's statement and a review of the letter, Matthews found the report to be factual, and referred the matter to the Unit Discipline Committee ("UDC").  Matthews also noted that Petitioner declined to call witnesses on his behalf.  (Id.)

On October 26, 2012, Petitioner appeared before the UDC. He was provided a written advisement of his rights, and petitioner acknowledged receipt of this form with his signature. (Doc. No. 6-1 at 18, Inmate Rights at Discipline Hearing form.)   Unit Manager Rodarmel signed the form as a witness.  Petitioner also acknowledged with his signature that he was notified in writing of his Disciplinary Hearing Officer ("DHO") hearing and of the Code 296 charge against him.   At this time, Petitioner also declined a staff representative for the hearing, and indicated that he did not wish to call any witnesses at the hearing. (Doc. No. 6-1 at 18, Inmate Rights at

Discipline Hearing form.)  He was afforded an opportunity to make a statement and did so, stating that "It was a total misunderstanding.  He wrote me a couple months ago and I assumed he was home, so I wrote him back."  (Doc. No. 6-1 at 14, Part II.)  The UDC recommended that the charge be downgraded to a Code 396 and a disciplinary sanction of 30 days loss of commissary privileges.

Petitioner appeared before DHO Cerney for his disciplinary hearing on November 1, 2012.  The DHO noted that Petitioner had received advance written notice of the charges against him, that he had been advised of his rights before the DHO, and that he had waived his right to a staff representative.  (Doc. No. 6-1 at 22, DHO Report.)  It was further noted that Petitioner denied the charges.  DHO Cerney again advised Petition of his rights, and Petitioner indicated that he understood them.

Petitioner was thereafter provided the opportunity to make a statement and choose to do so, stating "Buckner wrote into me and I thought he was home."  (Id. at 22.)  The DHO noted that no procedural issues were cited and no documentary evidence was provided by Petitioner at the hearing.  (Id.)  The documentary evidence considered by the DHO was noted in his report.  In addition to the incident report and the investigation, the DHO also considered documents including a photocopy of the outgoing correspondence from Petitioner to inmate Buckner, and the SENTRY inmate profile for inmate Buckner.

After considering the evidence, the DHO found that Petitioner committed the prohibited act as charged.  (Doc. No. 6-1 at 23.)  He noted the specific evidence relied upon, including Petitioner's involvement in the incident, the reporting officer's statement, inmate Buckner's Inmate Profile form which showed that Buckner was incarcerated at FCI Terre Haute, Indiana at

the relevant time, and the letter sent by Petitioner to Buckner, addressed to a post office box in Dolton, Illinois.  (Id.)  The DHO also noted that he considered Petitioner's denial of the charge, but did not find his stated mitigating circumstances showed that the charged act was not committed.  (Id.)  It was noted by the DHO that Petitioner's "attempt to contact this inmate at an address other than FCI Terre Haute (and without staff approval) was believed an avenue to circumvent mail monitoring."  (Id.)

The DHO issued his report on November 7, 2012, finding that the greater weight of the evidence supported a finding that Petitioner committed the prohibited act of "Use of the Mail for Abuses other than Criminal Activity," in violation of Code 296.  The disallowance of 27 days of good conduct time credit toward Petitioner's federal sentence was imposed by the DHO as a sanction.  As reasons for this sanction, the DHO noted as follows:

> Curry's use of his written correspondence privileges detracted from the intent of the Federal Bureau of Prison's on the same.  His behavior in this case circumvented the monitoring of his contacts.  Accordingly, disallowed good conduct time is sanctioned in ths case to punish Curry for his behavior and deter him from it in the future.

(Doc. No. 6-1 at 24.)  Petitioner was provided with a copy of the DHO report on November 8, 2012, and he was advised of his appeal rights.[2]

The instant habeas corpus petition was filed on April 17, 2013.  Petitioner challenges the disciplinary action against him claiming that the DHO's finding of guilt was not supported by "some evidence."  (Doc. 1, Pet. at 6.)

## II.   Discussion

### A.   Legal standard

---

[2]  Respondent concedes that Petitioner has exhausted administrative remedies with regard to the claims raised in this petition.  (Doc. No. 6, n. 1.)

The BOP disciplinary process is fully set forth in the Code of Federal Regulations, Title 28, Sections 541 through 541.8.  These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate institutional rules.  The first step requires filing an incident report and conducting an investigation.  Staff is required to conduct the investigation promptly absent intervening circumstances beyond the control of the investigator.  <u>See</u> 28 C.F.R. § 541.5.  Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.7.  If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions.  If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a DHO for a hearing.  <u>Id</u>.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974.)  Greatest category offenses carry a possible sanction of loss of good conduct time credits.   When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive (1)  written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-66 (1974).  The DHO's decision is required to be supported by some evidence in the record.  <u>See</u> <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985); <u>see</u> <u>also</u> <u>Young v. Kann</u>, 926 F.2d 1396, 1402-03 (3d Cir. 1991)(applying <u>Hill</u> standard to federal

prisoner due process challenges to prison disciplinary proceedings).  The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Hill, 472 U.S. at 455-56.  Under Hill, judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support.  Id. at 457; see also 28 C.F.R. § 541.8(f) (requiring that the DHO's decision be "based upon at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.").  Moreover, "[t]he sufficiency standard is met where a DHO supports a finding of culpability solely by reference to an incident report compiled by a corrections officer."  Moles v. Holt, 221 F. App'x 92, 94 (3d Cir. 2007)(citations omitted).

**B.     Analysis**

The procedural requirements of Wolff and Hill have not been met in the instant case.  Petitioner timely received copies of the Incident Report and the notice of his hearing.  He was also informed of his rights prior to the hearing, and there are no allegations that the disciplinary hearing officer was not neutral.  Petitioner was provided with the opportunity to make a statement and chose to do so, as documented in the DHO Report.  He was also given the opportunity to present documentary evidence, as well as have a staff representative, and chose not to do either.  Further, Petitioner was afforded the opportunity to present witness testimony and chose not to do so.  In fact, he does not dispute that he was provided all of the foregoing procedural due process protections throughout the disciplinary process.  He also does not argue

that the sanctions imposed upon him were not within the range of sanctions available for a violation of Code 296.

Rather, Petitioner's sole argument is that the DHO failed to meet the evidentiary standard required to find that he committed the prohibited act.  In his habeas petition, he alleges as follows:

> "[t]here is absolutely no evidence that: (1) the Elliott Buckner whom Petitioner wrote at [a post office box in] Dolton, [Illinois] is the inmate who is/was incarcerated at FCI Terre Haute; (2) that the Elliott Buckner whom Petitioner wrote is an inmate at all; (3) that Petitioner sent said letter to any third party to forward to any Elliott Buckner; (4) that any third party was ever identified or believed to exist by Petitioner; or (5) that Petitioner knew the Elliott Buckner he wrote to be in prison at all.

(Doc. 1, Pet. at 4.)

The DHO's decision is required to be supported by some evidence in the record.  See Superintendent v. Hill, 472 U.S. at 454.  The standard is met if there was a modicum of evidence from which the conclusion of the tribunal could be deduced.  Id. at 455.  As discussed earlier, the relevant question is whether there is evidence in the record that supports the DHO's conclusion, and determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence. See id.; Stanko v. Obama, 434 F. App'x 63, 66 (3d Cir. 2011).  Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).

The Court agrees with Petitioner and finds that the DHO's conclusion that Petitioner

7

committed a Code 296 violation for "Use of Mail for Abuses Other than Criminal Activity" is not supported by "some evidence" in the record.  In the report prepared by the DHO following the hearing, he documented the evidence he considered in making his determination, and explained the reasons for the sanctions imposed.  (Doc. No. 6-1 at 23-24.)  Specifically, the DHO referenced the records showing that inmate Buckner was incarcerated at FCI Terre Haute, Indiana and the letter from Petitioner, addressed to Buckner at a post office box in Dolton, Illinois.  There is no question that Petitioner sent the letter to Buckner.   However, the DHO articulates no evidence showing that Petitioner had any knowledge that Buckner was incarcerated; in fact, the DHO specifically points out that Petitioner's letter to Buckner states, "[a] lot of brothers ask about you, I tell them your[sic] at home chillen."  (Id. at 23.)  Because the DHO references no evidence that Petitioner knew that Buckner was not currently residing at the address the letter was sent to or that Petitioner therefore intended to use a third party to circumvent prison mailing procedures by sending a letter to that address, the Court concludes there was not "some evidence" supporting a finding that Petitioner was guilty of  "Use of the Mail for Abuses Other than Criminal Activity," and the Court will uphold the evidentiary challenge brought by Petitioner.  Accordingly, the Court will restore Petitioner the 27 days of good conduct time credit disallowed as a result of the DHO's decision.  See Lewis v. Attorney General of U.S., 878 F.2d 714 (3d Cir. 1989) (remanding to district court with instructions to enter an order granting Petitioner lost good time credits).  An order consistent with this memorandum follows.